UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION, )
LABORERS WELFARE FUND, et al. )
)
    Plaintiffs, )
)
vs. ) Case No. 4:06CV27 HEA
)
AGR CONSTRUCTION COMPANY, et al.,)
)
    Defendants.

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment, [Doc. No. 28]. Defendants oppose the motion in some respects. For the reasons set forth below, the Motion is granted in part and denied, without prejudice in part.

Plaintiffs brought this action under the Employee Retirement Income Security Act, (ERISA), 29 U.S.C. § 1132, and the Labor Management Relations Act of 1947, (LMRA), 29 U.S.C. § 185, seeking to collect delinquent fringe benefit contributions owed to the Construction Laborers Benefit Funds pursuant to the terms of a collective bargaining agreement between Laborers Locals 42-53-110 and Defendants.

## Discussion

The standards for summary judgment are well settled. In determining

whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell ,* 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d

920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir.2006). "Mere allegations, unsupported by specific

facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007).

Defendant only disputes Paragraph 16, 17, 18, 19 of Plaintiff's Statement of Material Fact.  Paragraph 16, 17 and 18 involve whether funds are owed on behalf of Ryan Rader and Robert Thomas.  Defendant claims that the Agreement only applies to work performed in the City or County of St. Louis, Missouri and both Rader and Thomas only performed work in St. Charles County.  Plaintiff agrees that the Agreement only applies to work performed in St. Louis, but argues that in spite of trying to work with Defendant to ascertain Messrs. Rader and Thomas' work location, Defendants have failed to produce evidence of same.  While the Court agrees that Plaintiff is entitled to receive such evidence, there is nothing in the record to establish that Messrs. Rader and Thomas performed work within Plaintiffs' jurisdiction. Plaintiffs have provided the Court with alternative amounts due without inclusion of payments on behalf of these gentleman.  The Court will, for the reasons set forth in the Motion and not disputed by Defendant, grant summary judgment as to that amount.  The Court will deny the Motion for Summary Judgment as to the amounts sought on behalf of Messrs. Rader and Thomas.  Defendants shall, within 14 days from the date of this Order, provide Plaintiffs with

evidence supporting their contention that these gentleman only performed work in St. Charles County. Failure to do so will result in judgment being entered with respect to those funds as well.

Defendants dispute Paragraph 19 as to Plaintiffs entitlement to accounting costs. Under the agreement, Plaintiffs are entitled to accounting costs, as follows:

> If such examination discloses that the Employer has not made full reporting and payment, the cost of the examination and audit shall be paid by the Employer provided that such allocation of cost to the Employer shall not apply in the case of inadvertent or immaterial error, or clerical mistake.

Defendants admit that they did not make the contributions claimed by Plaintiffs because they did not believe the contributions were due for such employees because the employees were non-union, were not employed for very long, or were on a probationary period. These were not "inadvertent" or "immaterial" errors or clerical mistakes. These were conscious decisions made by Defendants. Defendants do not contend that they were advised that they did not have to make the contributions because of the above nor that they ever inquired as to whether contributions needed to be made on behalf of these employees. Had they inquired, Defendants would have known of their obligations under the parties' Agreement.

Defendants also dispute Paragraph 19 as to the amount of attorneys' fee to

which Plaintiffs are entitled. The Court agrees with Plaintiffs that they are entitled to the entire amount of $10,164.00. Section 5.11 of the Agreement permits collection of "reasonable attorneys' fees," but in no event less than thirty-three and one-third percent (33 1/3%) of the total amount for which judgment is rendered. But for Defendants' failure to provide the information necessary to complete the accounting, the fees would not have been as high as they are now. In light of these circumstances, the Court finds the amount requested to be reasonable within the parties' agreement.

## **CONCLUSION**

Plaintiffs are entitled to judgment in the amount of $20,651.79 at this time. Defendants may supplement the record within 14 days of this Order with evidence of the work places of Mr. Rader and Mr. Thompson. Plaintiff is given leave to file another Motion for Summary Judgment in the event Defendants fail to so supplement the record.

Plaintiffs are also entitled to Accounting Costs in the amount of $1,844.00 and $10,164.00 in Attorneys' Fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment, [Doc. No. 28], is granted in part and denied without prejudice in part.

**IT IS FURTHER ORDERED** that Judgment will be entered upon final resolution of the remaining amounts claimed owed by Plaintiffs as provided herein.

Dated this 23rd day of August, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE